Jeff Barber
Barber & Associates, LLC
540 E 5th Ave.
Anchorage, AK 99501
(907) 276-5858
jeffb@alaskainjury.com
Attorneys for Plaintiff

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| BETTY LU THRONSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **COPY** |
| vs. ) | Original Received |
| ) | **APR 1 9 2022** |
| SAFECO INSURANCE COMPANY ) | |
| OF INDIANA and HUB ) | Clerk of the Trial Court |
| INTERNATIONAL NW, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) Case No. 3AN-22-05695 CI | |

## COMPLAINT

COMES NOW the plaintiff, BETTY LU THRONSEN, by and through her attorneys, BARBER & ASSOCIATES, LLC, and for her complaint against defendants SAFECO INSURANCE COMPANY OF INDIANA and HUB INTERNATIONAL NW, LLC, does state and allege as follows:

1. At all times material hereto, plaintiff was and is a resident of Palmer, Alaska.

2. At all times material hereto, defendant Safeco Insurance Company of

4574/01 Complaint
Thronsen v. Safeco Ins. Co. Of Indiana et al.
Page 1

Case 3:22-cv-00128-JMK   Document 7-1   Filed 05/20/22   Page 1 of 7

Indiana (hereinafter "Safeco") was and is an Indiana insurance company doing business in the Third Judicial District, Alaska.

3. At all times material hereto, defendant HUB International NW, LLC (hereinafter "HUB") was and is a Washington limited liability company doing business in the Third Judicial District, Alaska.

4. The defendants are liable for the actions and/or failures to act of their employees under theories of vicarious liability and/or respondeat superior and/or agency.

5. On or about June 20, 2021, the plaintiff had a homeowner's insurance policy with the defendant Safeco identified as policy number OH1266565 for a dwelling located at Lots 5 & 6 BLK 2 Phase One, Saska's Meadows, Palmer, AK 99645 (hereinafter "the dwelling") which was originally issued on December 16, 1997.

6. The plaintiff had obtained the Safeco homeowner's insurance policy OH1266565 for the dwelling through defendant HUB which acted as the plaintiff's agent and/or broker.

7. Between December 15, 1997 until June 20, 2021, the plaintiff paid premiums to defendants for homeowner's insurance on the dwelling.

8. On or about June 20, 2021, the dwelling was damaged as a result of fire and uninhabitable.

4574/01 Complaint
Thronsen v. Safeco Ins. Co. Of Indiana et al.
Page 2

Case 3:22-cv-00128-JMK    Document 7-1    Filed 05/20/22    Page 2 of 7

9. The plaintiff timely submitted a claim to Safeco for the fire damage to the dwelling.

10. On or about July 23, 2021, Safeco denied the plaintiff's claim for fire damage to the dwelling.

11. Safeco's denial was based on the plaintiff indicating that she did not reside at the dwelling.

12. The plaintiff's son Don Thronson was residing at the dwelling when the plaintiff purchased the property back in 1997.

13. Don Thronson had been living at the dwelling with a roommate who was the owner.

14. When Don Thronson's roommate moved out of the State, the plaintiff purchased the dwelling.

15. Don Thronson continued to live at the dwelling since 1997.

16. The plaintiff never lived at the dwelling.

17. The plaintiff's address has been 1231 S Lower Rd, Palmer Alaska for several decades.

18. The defendants knew or should have known that the plaintiff lived at 1231 S Lower Rd for several decades.

19. The defendant knew or should have known that the plaintiff never lived at the dwelling.

4574/01 Complaint
Thronsen v. Safeco Ins. Co. Of Indiana et al.
Page 3

20. The plaintiff paid premiums to defendants for homeowner's insurance reasonably expected to include fire damage to the dwelling for approximately twenty four years.

21. The plaintiff reasonably believed that she had homeowner's insurance which covered fire damage to the dwelling.

22. Safeco's denial of the plaintiff's claim of fire damage to the dwelling was unjust and/or unconscionable and/or inequitable.

23. Safeco's denial of coverage for fire damage to the dwelling lacked a reasonable basis.

24. Safeco's denial of coverage for fire damage to the dwelling was contrary to the intention and/or expectations of the parties.

25. Safeco's homeowner's insurance policy was unreasonably ambiguous with respect to fire damage to the dwelling and a requirement for the plaintiff to reside in the dwelling.

26. Alternatively, Safeco's policy must be equitably reformed and/or deemed to provide coverage for fire damage to the dwelling based on the reasonable expectations of the parties and the intentions to insure the dwelling for fire damage.

27. Safeco was equitably estopped from denying coverage for fire damage to the dwelling.

28. Safeco is liable for breach of contract.

4574/01 Complaint
Thronsen v. Safeco Ins. Co. Of Indiana et al.
Page 4

29. Safeco is liable for negligent adjustment.

30. The plaintiff contacted HUB for the purpose of insuring the dwelling at Lots 5 & 6 BLK 2 Phase One, Saska's Meadows, Palmer, Alaska.

31. The plaintiff reasonably believed that HUB was assisting her in procuring appropriate insurance coverage for the dwelling.

32. Based on the representations of HUB's employees and/or principals, the plaintiff reasonably believed that she was purchasing homeowner's insurance which would cover the dwelling for fire damage.

33. HUB owed a fiduciary duty to the plaintiff.

34. HUB held itself out as an entity which brokered insurance.

35. HUB assisted the plaintiff in obtaining appropriate coverage for the dwelling at Lots 5 & 6 BLK 2 Phase One, Saska's Meadows, Palmer, Alaska.

36. The plaintiff reasonably relied on the defendants when she obtained homeowner's insurance for the dwelling.

37. The defendants' employees and/or principals knew or should have known that the plaintiff was not residing at the dwelling when she purchased homeowner's insurance for the dwelling at Lots 5 & 6 BLK 2 Phase One, Saska's Meadows, Palmer, Alaska.

38. Considering Safeco's policy, the defendants were negligent in failing to confirm who would be residing in the dwelling.

4574/01 Complaint
Thronsen v. Safeco Ins. Co. Of Indiana et al.
Page 5

Case 3:22-cv-00128-JMK    Document 7-1    Filed 05/20/22    Page 5 of 7

39. The plaintiff detrimentally relied on defendants when she selected insurance coverage for the dwelling which was a substantial factor in causing harm to the plaintiff for which the defendants are liable.

40. The defendants were negligent in failing to identify the plaintiff's son who was residing in the dwelling as an insured and/or otherwise providing an insurance policy which provided coverage for fire damage to the dwelling which was a primary purpose for the policy and which was a substantial factor in causing harm to the plaintiff for which the defendants are liable.

41. HUB is liable for breach of the broker's fiduciary duty which was a substantial factor in causing harm to the plaintiff.

42. The defendants are liable for negligent misrepresentations which were substantial factors in causing harm to the plaintiff.

43. The defendants are liable for breach of the covenant of good faith and fair dealing which was a substantial factor in causing harm to the plaintiff.

44. The defendants are liable for unjust enrichment which was a substantial factor in causing harm to the plaintiff.

45. The defendants' conduct evidenced reckless disregard to the interests of the plaintiff which was a substantial factor in causing harm to the plaintiff.

46. The defendants are liable for damage to the dwelling caused by the fire on June 20, 2021 and for past and/or future: emotional distress, frustration, anxiety,

4574/01 Complaint
Thronsen v. Safeco Ins. Co. Of Indiana et al.
Page 6

inconvenience and other non-pecuniary damages to be more fully set forth at trial, all in an amount greater than $100,000.00 (ONE HUNDRED THOUSAND DOLLARS), the exact amount to be set by the trier of fact.

47. The defendants are liable for punitive and/or exemplary damages.

WHEREFORE, having fully pled plaintiff's complaint, plaintiff requests that the policy be reformed and/or deemed and/or declared to provide coverage for fire damage to the dwelling and for a judgment against defendants for an amount greater than $100,000.00 (ONE HUNDRED THOUSAND DOLLARS) to be established by the trier of fact, injunctive relief, plus interest, costs and attorney fees and such other relief as the court deems just.

DATED at Anchorage, Alaska this 18 day of April, 2022.

BARBER & ASSOCIATES, LLC
Attorneys for Plaintiff

By: _____
JEFF BARBER
AK Bar #0111058

4574/01 Complaint
Thronsen v. Safeco Ins. Co. Of Indiana et al.
Page 7